# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

KEVIN CRAFT                                                                                                  PLAINTIFF

V.                                                                                      NO. 3:15-CV-00191-DMB-JMV

WARDEN TIMOTHY OUTLAW, ET AL.                                                        DEFENDANTS

## MEMORANDUM OPINION

On November 5, 2015, Plaintiff Kevin Craft filed a *pro se* prisoner complaint challenging the conditions of his confinement under 42 U.S.C. § 1983. Doc. #1. For the purposes of the Prison Litigation Reform Act, the Court notes that Craft was incarcerated when he filed this suit. Craft alleges that the defendants violated his right to due process by failing to follow prison administrative procedures while processing a Rule Violation Report against him. For the reasons below, this case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On July 21, 2015, a corrections officer issued a Rule Violation Report against Craft for failure to obey the order of a staff member. Doc. #1 at 6, 7. Officer White offered a statement as a witness at the hearing and acted as the investigator in the matter. *Id*. at 6. Craft was found guilty of the violation and punished by losing all privileges for 30 days. *Id*.

Craft claims that White acting as both witness and investigator is not permitted under prison policy. *Id.* at 4. Craft also alleges that another violation of policy occurred because more than seven work days elapsed between the time the Rule Violation Report was issued and the date of the hearing. *Id*. Craft requests that the Court remove the Rule Violation Report from his institutional file. *Id*. at 5.

## Due Process in Prison Context

In *Sandin v. Conner*, the United States Supreme Court addressed the protection of prisoners' liberty interests, holding that

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

115 S.Ct. 2293, 2300 (1995) (internal citations omitted). In *Sandin*, the discipline administered the prisoner was thirty days of segregated confinement. *Id*. at 2301. The court found that this discipline fell "within the expected perimeters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause nor the applicable state regulations gave rise to a liberty interest requiring the constitutional procedural protections afforded prisoners.[1] *Id.* at 2302.

In the present case, Craft lost privileges for thirty days. Such a punishment, similar to that in *Sandin*, does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301. Accordingly, Craft's punishment does not implicate due process concerns. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim); *Lee v. King*, No. 1:13-CV-566-KS-MTP, 2015 WL 5554256, at *5 (S.D. Miss. Sept. 21, 2015) (delay between violation and hearing not grounds for

---

[1] Such protections include (1) advanced written notice of the claimed violation; (2) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken., (3) the ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons), and (4) the ability to present documentary evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974).

2

relief). As such, Craft's allegations regarding a violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this 5th day of March, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**